IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID MCDANIEL | ) | CASE NO. |
| 20606 Harvard Avenue | ) | |
| Highland Hills, OH 44122 | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND INJUNCTIVE RELIEF** |
| TOLEDO INNS, INC. | ) | |
| d/b/a Crowne Plaza Cleveland Airport | ) | **(Jury Demand Endorsed** |
| 7230 Engle Road | ) | **Hereon)** |
| Middleburg Heights, OH 44130 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| MATRIX PERSONNEL STAFFING | ) | |
| SOLUTIONS | ) | |
| 3000 Hadley Road | ) | |
| South Plainfield, NJ 07080 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| TIANA ORTIZ | ) | |
| c/o Toledo Inns, Inc. | ) | |
| 7230 Engle Road | ) | |
| Middleburg Heights, OH 44130 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, David McDaniel, by and through undersigned counsel, as his Complaint against Defendants, states and avers the following:

## PARTIES & VENUE

1. Plaintiff McDaniel is a resident of the City of Highland Hills, in the County of Cuyahoga, State of Ohio.

1

2. Defendant Toledo Inns, Inc., d/b/a Crowne Plaza Cleveland Airport ("Crowne Plaza") is a domestic limited liability company with its principal place of business located in the City of Middleburg Heights, in Cuyahoga County, State of Ohio at 7230 Engle Road.

3. Crowne Plaza is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation of common control for a common business purpose, and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Fair Labor Standards Act.

4. Crowne Plaza employs individuals in the State of Ohio.

5. At all times referenced herein, Crowne Plaza was McDaniel's employer within the meaning of R.C. § 4112.01(A)(2).

6. Defendant Matrix Personnel Staffing Solutions ("Matrix") is a limited liability company with that conducts business within the State of Ohio.

7. Matrix is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation of common control for a common business purpose, and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Fair Labor Standards Act.

8. Matrix is a staffing agency that employs and places workers with businesses throughout Ohio.

9. At all times referenced herein, Matrix was McDaniel's employer within the meaning of R.C. § 4112.01(A)(2).

10. Defendant Tiani Ortiz is a resident of the State of Ohio.

11. At all times referenced herein, Ortiz was an employee of Crowne Plaza.

12. At all times referenced herein, Ortiz was acting in the course and scope of her employment at Crowne Plaza.

13. At all times referenced herein, Ortiz was employed in a supervisory capacity over McDaniel.

14. At all times referenced herein, Ortiz was McDaniel's employer within the meaning of R.C. § 4112.01(A)(2).

15. At all times referenced herein, Ortiz supervised and/or controlled McDaniel's employment with Crowne Plaza.

16. At all times referenced herein, Ortiz acted directly or indirectly in the interest of Crowne Plaza in relation of its employees.

17. All material events alleged in this Complaint occurred in Cuyahoga County.

18. Jurisdiction is proper over Defendants pursuant to 28 U.S.C. § 1331 in that McDaniel is alleging a federal law claim arising under the FLSA, 29 U.S.C. § 201, *et seq*. Thus, this Court has original jurisdiction over the federal law claims asserted in this Complaint under 28 U.S.C. § 1331.

19. This Court has supplemental jurisdiction over McDaniel's state law claims pursuant to 28 U.S.C. § 1367 as McDaniel's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

20. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

21. Venue is properly placed in the United States District Court for the Northern District of Ohio, because it is the district court for the district, division, and county within which Defendants operate and conduct business and where the material facts in this matter took place.

## **FACTS**

22. McDaniel is a former employee of Crowne Plaza.

23. McDaniel is a former employee of Matrix.

24. On or around April 8, 2015, Matrix, as a staffing agency, placed McDaniel on assignment at Crowne Plaza as a housekeeper.

25. While working at Crowne Plaza, McDaniel was compensated by Matrix.

26. While working at Crowne Plaza, McDaniel's day-to-day employment was controlled by Crowne Plaza including his work assignments, schedules, and policies and procedures for which McDaniel was required to follow.

27. Upon information and belief, Crowne Plaza and Matrix had entered into a staffing arrangement during or prior to McDaniel's employment whereby Crowne Plaza would control McDaniel's day-to-day employment while Matrix would pay McDaniel for hours worked.

28. McDaniel consistently worked in excess of forty (40) hours per week at Crowne Plaza.

29. Ortiz, as McDaniel's direct supervisor, would adjust McDaniel's time reports to make it appear that McDaniel did not work over 40 hours per week at Crowne Plaza.

30. Ortiz told McDaniel not to report her time adjustments to McDaniel's time reports to anyone else.

31. Ortiz told McDaniel she would deny making the changes to McDaniel's time reports if McDaniel told anyone else.

32. Ortiz implied to McDaniel that his employment situation would get worse if McDaniel reported Ortiz's time adjustments.

33. Due to Ortiz's time adjustments, McDaniel was not paid all overtime he was owed for his work in excess of 40 hours per week.

34. During McDaniel's employment at Crowne Plaza, he was the only male employee in housekeeping.

35. Ortiz would criticize McDaniel more harshly than his female coworkers.

36. McDaniel received more difficult assignments than his female coworkers.

37. When McDaniel would make complaints to Ortiz about differing treatment, Ortiz would not address McDaniel's concerns.

38. Ortiz told McDaniel to "stop crying and get back to work."

39. Ortiz did not tell female employees of Crown Plaza to "stop crying and get back to work."

40. Instead, Ortiz would make time for McDaniel's female coworkers and listen to their work or personal issues.

41. Soon after McDaniel began working at Crown Plaza, McDaniel began experiencing hostile treatment from one of his female coworkers, Lois Harmon.

42. Harmon would neglect to do work on her shift, leaving it up to McDaniel to pick up her slack.

43. Specifically, Harmon would load washing machines but not start them.

44. Harmon would also neglect to tell McDaniel when washing machines were free to use.

45. Harmon's conduct would cause McDaniel to fall behind in his work, leading to McDaniel needing to stay longer after his shift to complete his work.

46. McDaniel would not be paid for all the time he spent after his shift to catch up on his work.

47. McDaniel complained to Ortiz about Harmon's treatment of him.

48. Ortiz refused to address McDaniel's complaints with Harmon.

49. After realizing Ortiz would not address his complaints, on May 18, 2015, McDaniel made a written report to Crowne Plaza upper management about Harmon's treatment of him.

50. Crowne Plaza upper management failed to address any of McDaniel's complaints.

51. During McDaniel's employment, Ortiz would sexually harass McDaniel.

52. Ortiz would rub against McDaniel against McDaniel's will when she thought nobody was looking.

53. McDaniel would grab her breasts and ask McDaniel if he thought they were fake or real.

54. Ortiz's harassment of McDaniel was unwelcome.

55. McDaniel objected to Ortiz's harassment.

56. After McDaniel would object to Ortiz's harassment, Ortiz would reduce McDaniel's hours for the next couple of weeks.

57. McDaniel complained to Don Watkins with Crowne Plaza human resources about Ortiz's harassment.

58. Crowne Plaza did not investigate McDaniel's complaints.

59. On December 3, 2015, Defendants terminated McDaniel.

60. McDaniel was terminated because of his gender.

61. McDaniel was terminated because he opposed sexual harassment.

62. There was a causal connection between McDaniel's report of Ortiz's sexual harassment and Defendants' termination of McDaniel's employment.

## COUNT I: FAILURE TO PAY OVERTIME COMPENSATION

63. McDaniel restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

64. McDaniel worked over 40 hours per week during his employment with Defendants.

65. Defendants did not pay McDaniel overtime wages for hours worked over 40 per week.

66. Pursuant to 29 U.S.C. § 207, an employer must pay a non-exempt employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of 40 hours in one work week.

67. McDaniel was a non-exempt employees for purposes of 29 U.S.C. § 207.

68. As a direct and proximate cause of Defendants' failure to pay McDaniel his lawfully earned overtime wages, McDaniel suffered damages.

69. Defendants willfully and/or intentionally violated R.C. § 4111.03(A) and 29 U.S.C. § 207.

70. Defendants acted in bad faith in violating R.C. § 4111.03(A) and 29 U.S.C. § 207.

71. As a direct and proximate cause of Defendants' failure to pay McDaniel his lawfully earned overtime wages, pursuant to R.C. § 4111.10(A), Defendants are liable to McDaniel for the full amount of the overtime wage rate, and for costs and reasonable attorneys' fees as may be allowed by the Court.

72. As a direct and proximate cause of Defendants' failure to pay McDaniel his lawfully earned overtime wages, pursuant to 29 U.S.C. § 216(b), Defendants are liable to McDaniel for the full amount of the overtime wage rate, an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

## COUNT II: GENDER DISCRIMINATION

73. McDaniel restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

74. McDaniel is a member of a statutorily protected class based on her gender under R.C. §4112.02.

75. Defendants treated McDaniel differently than other similarly situated employees based on her gender.

76. Defendants discriminated against McDaniel on the basis of her gender throughout his employment with Defendants..

77. Defendants violated R.C. § 4112.01 *et seq.* by discriminating against McDaniel based on his gender.

78. Defendants violated Ohio Revised Code § 4112.01 *et seq.* when they terminated McDaniel based on his gender.

79. As a direct and proximate cause of Defendants' conduct, McDaniel suffered and will continue to suffer damages.

**COUNT III: HOSTILE WORK ENVIRONMENT BASED ON SEXUAL HARASSMENT**

80. McDaniel restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

81. McDaniel was subjected to sexual harassment by Ortiz.

82. The sexual harassment against McDaniel was unwelcomed.

83. The unwelcomed sexual harassment against McDaniel was based on his gender.

84. The unwelcomed sexual harassment against McDaniel was sufficiently severe or pervasive to affect the terms, conditions or privileges of McDaniel's employment.

85. The sexual harassment against McDaniel was committed by his supervisor, Ortiz.

86. Defendants, through their agents or supervisory personnel, knew or should have known of the harassment, and failed to take immediate and appropriate corrective action.

87. Defendants' offensive and harassing conduct, by and through Ortiz, created a hostile and/or abusive work environment for McDaniel.

88. Defendants' offensive and harassing conduct, by and through Ortiz, created a hostile and/or abusive work environment for the reasonable person similarly situated to McDaniel.

89. As a direct and proximate cause of Defendants' conduct, McDaniel suffered and will continue to suffer damages.

## COUNT IV: RETALIATORY TERMINATION

90. McDaniel restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

91. Pursuant to Ohio Revised Code § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

92. McDaniel opposed Defendants' unlawful discriminatory practice by complaining that he was being subjected to a hostile work environment and being sexually harassed by Ortiz.

93. Defendants retaliated against McDaniel for opposing the hostile work environment and sexual harassment when they fabricated reasons to terminate his employment.

94. Defendants retaliated against McDaniel for opposing the hostile work environment and sexual harassment when they reduced McDaniel's hours.

95. Defendants violated Ohio Revised Code § 4112.02(I) when they retaliated against McDaniel for opposing hostile work environment and sexual harassment.

96. As a direct and proximate cause of Defendants' wrongful conduct, McDaniel has suffered and will continue to suffer damages.

## DEMAND FOR RELIEF

WHEREFORE, McDaniel demands from Defendants the following:

(a) An award against each Defendant of compensatory and monetary damages to compensate Plaintiff for unpaid overtime compensation, lost wages, liquidated damages, and other consequential damages, in an amount in excess of $25,000 to be proven at trial;

(b) Issue a permanent injunction:

   (i) Requiring Defendants to abolish discrimination, harassment, and retaliation;

(ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

(iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

(iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

(v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(c) Issue an order requiring Defendants to restore McDaniel to the full-time position to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(d) An award against each Defendant of compensatory and monetary damages to compensate Ellis for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(e) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(f) An award of reasonable attorneys fees and non-taxable costs for Ellis's claims as allowable under law;

(g) An award of the taxable costs of this action; and

(h) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Ken E. Smith*
Ken E. Smith (0090761)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email: Ken.Smith@SpitzLawFirm.com

*Attorneys For Plaintiff David McDaniel*

## JURY DEMAND

Plaintiff David McDaniel demands a trial by jury by the maximum number of jurors permitted.

>   */s/ Ken E. Smith*
>   Ken E. Smith (0090761)
>   **THE SPITZ LAW FIRM, LLC**