UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                          :
DAVID MCDANIEL,                           :       CASE NO. 1:17-CV-00706
                                          :
       Plaintiff,                         :
                                          :
    vs.                                   :       OPINION & ORDER
                                          :       [Resolving Docs. No. 20, 22, 28, 32]
TOLEDO INNS, INC., et al.,                :
                                          :
       Defendants.                        :
                                          :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this opinion, the Court considers whether to set aside the entry of default against Defendant Toledo Inns, Inc. ("Toledo Inns").

On April 4, 2017, Plaintiff David McDaniel, a former employee at the Crowne Plaza Cleveland Airport ("Crowne Plaza"), filed a complaint against Toledo Inns for overtime compensation, gender discrimination, sexual harassment, and retaliatory termination.[1] On July 6, 2017, Plaintiff applied for an entry of default[2] and moved for default judgment[3] and for attorney's fees.[4] On July 12, 2017, the Clerk entered default against Toledo Inns because it had failed to answer Plaintiff's complaint.[5] Default judgment has not yet been entered.

Toledo Inns now moves the Court to set aside its entry of default and grant Toledo Inns leave to file an answer.[6] Plaintiff opposes Toledo Inns' motion.[7] For the reasons below, the Court **GRANTS** Toledo Inns' motion to set aside entry of default and **DENIES** Plaintiff's motion for a

---

[1] Doc. 1.
[2] Doc. 21.
[3] Doc. 20.
[4] Doc. 22.
[5] Doc. 25.
[6] Doc. 28.
[7] Doc. 32.

Case No. 1:17-CV-00706
Gwin, J.

default judgment and attorney's fees. The Court also **GRANTS** Toledo Inns leave to file its answer.

## I. Law and Analysis

Under Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default for good cause.[8] Because trials on the merits are favored,[9] a district court has "considerable latitude under the good cause shown standard" to grant a defendant relief from a default entry.[10]

In determining whether good cause exists, the Court must consider three factors: (1) whether the plaintiff will be prejudiced if the entry of default is set aside; (2) whether the defendant has a meritorious defense; and (3) whether the defendant's culpable conduct led to the default.[11]

The Court finds that Toledo Inns has met the good cause standard.

First, Plaintiff will not be prejudiced if the Court sets aside the default. Although Plaintiff opposes Toledo Inns' motion, Plaintiff's case against Toledo Inns' co-defendant is still ongoing and in the early phase of litigation.[12]

Second, Toledo Inns has a meritorious defense. Toledo Inns claims that it "did not oversee any of the day-to-day operations of the Crowne Plaza, nor did it engage in hiring and firing of employees."[13] This assertion "contains . . . a hint of a suggestion which, proven at trial, would constitute a complete defense."[14] Thus, Toledo Inns satisfies the second factor of this analysis.

---

[8] Fed. R. Civ. P. 55(c).
[9] *United Coin Meter Co. v. Seaboard C. R.R.*, 705 F.2d 839, 846 (6th Cir. 1983).
[10] *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992) (internal quotations omitted).
[11] *United Coin*, 705 F.2d at 845.
[12] *See Enduracare Therapy Mgmt., Inc. v. Jilltin Mgmt. Grp., Inc.*, No. 4:09CV1969, 2010 WL 1258107, at *4 (N.D. Ohio Mar. 26, 2010) (finding Plaintiff would not suffer prejudice if the Court set aside the default judgment against one defendant because "the case continues and is in its very early stages against [the co-defendants].").
[13] Doc. 28 at ¶ 4.
[14] *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 399 (6th Cir. 1987) (internal quotations and citations omitted).

Case No. 1:17-CV-00706
Gwin, J.

Third, while Plaintiff properly served Toledo Inns, Toledo Inns says its failure to answer the complaint was the result of an honest mistake and excusable neglect.[15]

Toledo Inns says it incorrectly believed that Radius Hospitality Management, LLC ("Radius"), the entity that oversaw the day-to-day operations of the Crowne Plaza, would indemnify it.[16]

Plaintiff argues that Toledo Inns could not have relied on Radius's defense since its indemnification agreement with Radius was a separate issue.[17] Plaintiff also argues that Toledo Inns is culpable because it never followed up with Radius's handling of the litigation until more than three months after it discussed the complaint with Radius.[18] Only then did Toledo Inns discover that Radius would not defend it.[19]

Nevertheless, Toledo Inns has stated that it sought local counsel and filed a motion to vacate the default as soon as it discovered its mistake.[20] Thus, the Court finds that Toledo Inns made a good faith attempt to defend this lawsuit.[21]

Moreover, the Court finds there is excusable neglect. The time between entry of the default and Toledo Inns' motion to set it aside was only three weeks.[22] Accordingly, the Court concludes that Toledo Inns' failure to timely respond to the complaint did not arise from its culpable conduct.

---

[15] Doc. 28 at ¶¶ 6-12.
[16] *Id.* at ¶¶ 5-11.
[17] Doc. 32 at 2.
[18] *Id.*
[19] *Id.*
[20] Doc. 28 at ¶¶ 11-12.
[21] *See Cequent Performance Prod., Inc. v. Pac. Rim Int'l, LLC*, No. 1:13-CV-00209, 2013 WL 1411762, at *1 (N.D. Ohio Apr. 8, 2013) (setting aside entry of default where defendant moved to set it aside as soon as it learned of its mistake).
[22] *See Convenience Franchise Grp., LLC v. Obed*, No. 3:12-CV-202, 2013 WL 685110, at *3 (S.D. Ohio Feb. 25, 2013) (finding five-week delay between Defendants' motion to set aside and Plaintiff's motion for entry of default and default judgment was "consistent with a party seeking the representation of counsel.").

Case No. 1:17-CV-00706
Gwin, J.

### III. Conclusion

Thus, the Court **GRANTS** Toledo Inns' motion to set aside entry of default. The Court also **GRANTS** Toledo Inns leave to file its answer.

Because the Court sets aside the entry of default, the Court **DENIES** Plaintiff's motion for a default judgment as moot. The Court also **DENIES** Plaintiff's motion for attorney's fees because it is premised on an entry of default judgment that the Court now denies.

IT IS SO ORDERED.


Dated: August 16, 2017                             *s/       James S. Gwin*
                                                                                        JAMES S. GWIN
                                                                                        UNITED STATES DISTRICT JUDGE